UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10329 NMG |
| | ) | |
| HERIBERTO MEDINA-ARANGO | ) | |

<u>DEFENDANT'S SENTENCING MEMORANDUM</u>

Defendant has pled guilty to a single count of re-entry after deportation. 8 U.S.C. § 1326. The sentencing guideline calculation is not disputed. Defendant's guideline sentencing range is 37-46 months. Defendant anticipates that the parties will jointly recommend that the Court consider a low-end sentence of 37 months, and depart downward one month to account for time defendant spent in immigration custody before his initial appearance before this Court. The resulting sentencing recommendation is a 36-month term of incarceration.

Defendant submits this memorandum in support of that sentencing recommendation. Primarily, defendant would like to bring to the Court's attention two factors which, defendant respectfully submits, warrant the imposition of a low-end sentence: (1) defendant's family circumstances, and (2) the fact that defendant was led by INS to believe that his re-entry was not a felony crime.

DEFENDANT'S FAMILY CIRCUMSTANCES

By all accounts, defendant has been a caring and devoted father. He has been in a relationship with Ms. Doris Lombana for the past 12 years, and the couple have one child together, Laura, aged 9. Ms. Lombana has two children from a previous relationship: Darwin,

aged 17, and Stephanie, aged 13.  Mr. Medina has raised all three children as his own.  (In fact, Darwin and Stephanie believe that defendant is their natural father).  PSR at ¶ 50.

Defendant's absence now poses an extraordinary hardship for this family.  Prior to his arrest by INS, defendant was a successful, self-employed contractor who was able to provide the material comforts of a home.[1]  PSR at ¶¶ 52, 69.  The family was living in Bangor, Maine.  PSR at ¶ 50.  Since defendant's arrest, however, Ms. Lombana and the children have been forced to live with a family friend in an apartment in East Boston.  Id.

More importantly, defendant was a source of love and support for both Ms. Lombana and the children.[2]  PSR at ¶ 52.  Ms. Lombana and the children will move to Colombia and live with defendant there once he is deported.  Id.

DEFENDANT'S RELIANCE ON PRIOR DEPORTATION NOTICE

When defendant was deported in 1989, he was told by INS that he was barred from reentering the United States for five years, and that otherwise he would be prosecuted for a felony.  The written warning provided as follows:

> Should you wish to return to the United States you must write this office or the American Consular Office nearest your residence abroad as to how to obtain permission to return after deportation.  By law (Title 8 of United States Code,

---

[1] Defendant has always been a hard worker.  Verification from Eastern Building Services in Lowell, MA, with whom defendant was employed as a project crew manager from 1999 through 2003, notes that defendant was a good employee with good abilities and attendance.  PSR at ¶ 70.

[2] Defendant has one child from an earlier marriage, Joshue, aged 21.  Joshue is emotionally troubled, and defendant's motivation to return to the United States stemmed in part from a report he received that Joshue was being mistreated.  Eventually, defendant was able to bring Joshue to live with him and the rest of the family in Bangor.  Joshue was living with defendant just prior to defendant's instant incarceration.  PSR at ¶¶ 48, 50, 51A.

> Section 1326) *any deported person who within five years returns without permission is guilty of a felony*. If convicted he may be punished by imprisonment of not more than two years and/or a fine of not more than $1,000.00.

INS form I-294 [emphasis added]. A copy of the form is attached as Exhibit A.

Based upon that notice, defendant did not re-enter the United States for well over five years. See PSR at ¶ 51A. The advice by INS was an incorrect statement of the law, see 8 U.S.C.A. § 1326 (1987) (ever since § 1326 was enacted in 1952, it has been a felony to re-enter the United States without consent after deportation regardless of how long after the deportation the alien reenters), but defendant relied upon it to his detriment.

In similar cases in this district, courts have departed downward on the basis of this misleading notice. See United States v. Pichardo-Pantaleon, Criminal No. 96-10283-MLW (February 5, 1997)(court departed downward to impose a four-month sentence, where government recommended imposition of a twelve month sentence); United States v. Bernard Vargas, Criminal No. 98-10050-WGY (July 31, 1998)(court imposed a sentence of one year and one day, departing from an otherwise-applicable range of 41-51 months); United States v. Miguel Adames-Perez, Criminal No. 04-10014-PBS (September 7, 2004)(court imposed a sentence of 18 months, departing from an otherwise-applicable range of 24-30 months).

Here, defendant does not seek a departure on these grounds. However, this factor, particularly when considered along with the fact that, since his re-entry, defendant has worked hard and supported his family, warrants imposition of a sentence at the low end of the guideline sentencing range.

CONCLUSION

For the foregoing reasons, this Court should find that the low-end guideline sentence -- 37 months -- is appropriate.  The court should further depart downward one month to allow for time defendant spent in immigration custody before his initial appearance before this Court, and impose a sentence of 36 months' incarceration.

                                                  HERIBERTO MEDINA-ARANGO
                                                  By his attorney,

                                                  /s/ J. Martin Richey
                                                  J. Martin Richey
                                                    B.B.O. #559902
                                                  Federal Defender Office
                                                  408 Atlantic Avenue, 3rd Floor
                                                  Boston, MA  02110
                                                  Tel: 617-223-8061

July 21, 2005